IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal No. A-19-CR-213-RP |
| | § | |
| DONOVAN SMITH (1) and | § | |
| BRANDI CAMPBELL (2), | § | |
| Defendants. | § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' JOINT MOTION TO LIMIT USE OF TESTIMONY**

The United States of America opposes Defendants' Joint Motion to Limit Use of Testimony (ECF No. 106) and files this Response, explaining that while the government cannot use a defendant's pretrial testimony during its case-in-chief, the government may use such testimony for impeachment purposes if the defendant testifies at trial.

In their motion, Defendants assert that they may testify at the suppression hearing, and they request an order "forbidding the Government's use of [their] testimony *for any purpose* whatever at the trial." (Def.'s Mot. at 1). Defendants cite one case in support of their motion: *Simmons v. United States,* 390 U.S.377, 394 (1968), which held "that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes objection."

Since *Simmons,* the courts have rejected the efforts of others, similar to Defendants, to expand the *Simmons* holding by forbidding all use of their testimony at a suppression hearing to impeach their subsequent testimony at trial. *See, e.g., United States v. Salvucci,* 448 U.S. 83, 94 n.8 (1980) (noting, without deciding, that "[a] number of courts considering the question have held that such testimony is admissible as evidence of impeachment."); *United States v. Gomez-Diaz,*

712 F.2d 949, 959 n.1 (5th Cir. 1983) (reasoning that a defendant at a suppression hearing may testify without fear that testimony will be used against him at trial *except* for impeachment); *see also United States v. Hernandez Camacho,* 779 F.2d 227, 231-32 (5th Cir. 1985) (refusing to expand the *Simmons* rule and holding that the district court could consider the defendant's testimony at a suppression hearing for sentencing purposes).

ACCORDINGLY, the Court should (1) grant in part Defendants' request that their anticipated testimony at the hearing in support of their motion to suppress evidence shall not be admissible in the government's case-in-chief at trial, but the Court should (2) deny the remainder of Defendants' request as such testimony is admissible as evidence of impeachment if the defendants testify at trial.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By: */s/ Daniel M. Castillo*
SHARON S. PIERCE
Texas State Bar No. 15997500
Sharon.Pierce@usdoj.gov
DANIEL M. CASTILLO
Texas State Bar No. 00793481
Daniel.Castillo@usdoj.gov
Assistant United States Attorneys
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Office: 512-916-5858
Fax:    512-916-5854

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tracy D. Cluck via tracy@tracyclucklawyer.com
*Attorney for Donovan Smith*

Leonard T. Bradt via ltbradt@flash.net
*Attorney for Brandi Campbell*

/s/ *Daniel M. Castillo*
DANIEL M. CASTILLO
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal No. A-19-CR-213-RP |
| | § | |
| DONOVAN SMITH (1) and | § | |
| BRANDI CAMPBELL (2), | § | |
| Defendants. | § | |

## O R D E R

The matter came before the Court on **Defendants' Joint Motion to Limit Use of Testimony** and the **United States' Response in Opposition to Same**. After reviewing the pending motion, the pleadings, the submissions of the parties, and the applicable law, the Court is of the opinion that the following order should issue:

It is hereby **ORDERED** that **Defendants' Joint Motion to Limit Use of Testimony (ECF No. 106)** is **GRANTED IN PART** and **DENIED IN PART**. In other words, should the defendants testify at the hearing in support of their motion to suppress evidence on Fourth Amendment grounds, that testimony shall not be admissible in the government's case-in-chief at trial, but may be admissible for impeachment if the defendant(s) testifies at trial.

SIGNED on this the _____ day of _____, 2021.

_____
**ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**